The District Court heard in denying Mr. Caballero's motion for a new trial in this case. This court looks to five factors when deciding whether a motion for a new trial should be granted based on newly discovered evidence. Really, in this case, only two of those factors are at issue. The first factor is whether the evidence was truly newly discovered. Now, there's no dispute that below, the defense counsel found and discovered the letter long after Mr. Caballero's trial had ended. About six months after the trial and conviction, defense counsel obtained from Mr. Diaz-Flores this letter that ultimately became the issue. Counsel, what was new in that letter that counsel didn't already know? And that is a good question, Your Honor, and that is basically one of the cruxes here in the case. It's Mr. Caballero's position that this letter amounted to newly discovered evidence based on the District Court's initial position regarding these exculpatory statements that were offered before trial. And what I mean by that is, before trial, the District Court expressed concern that these statements would not be admissible because, in the court's mind, they were not truly self-inculpatory to a degree that would allow admissibility under Rule 804B. And the court, when Mr. Caballero moved to admit Mr. Diaz-Flores' statements through an interpreter, the court said, I'm concerned that they're not truly self-inculpatory to a level that I'm comfortable allowing this evidence in. Ultimately, that evidence was not presented at trial. The letter changed that calculus because, in the letter, Diaz-Flores explicitly addresses the concerns that the District Court had regarding his own responsibility for the offenses. The court, in the letter, Mr. Diaz-Flores repeatedly says, I'm guilty of these crimes, I should be the one on trial, I take full responsibility, I'm to blame, where before, he hadn't made statements to that regard. But the government argues that the substance of what he did was the same in the information he gave to Mr. Caballero's attorney and in the letter. And so, although there were subtle distinctions and wording changes, the substance was the same. Well, the information, the information did not change substantially. The issue is, the District Court, when we're looking at the 804B analysis, we have to look at this prong of whether the statements were self-inculpatory. And that was the issue because... But does admissibility go to whether evidence is newly discovered? Because it sounds like you're arguing that there was a better argument that the letter was admissible than his statements to Mr. Caballero's lawyer. But how does that go to whether the evidence is newly discovered or not? I think the issue is, the initial statements addressed contain a lot more information about the duress allegation that Mr. Diaz-Flores was making. In the initial statements, he elaborated about the drug trafficking organization being responsible for his actions. And if the evidence would have been offered initially at trial, it would have had a component where that really undercut the self-inculpatory side of the analysis, where the letter in and of itself, Mr. Diaz-Flores backed away from all that and said, no, you know what, I'm the one to blame. It wasn't the drug trafficking organization. It wasn't these third parties. He still did mention in the letter that he was being forced. But it's a far cry that he was being forced, which clearly does not rise to a legal duress defense, when initially that was the tact that he was taking, and that was, if the evidence would have been offered at trial, that's what would have entered into evidence, which is, he basically would have said, I'm the one who put the packages in, but it was through a drug trafficking organization that I was acting on behalf. Whereas in the letter following, he basically said, look, it was my responsibility. So are you arguing that his taking responsibility, which I thought went to admissibility, makes it more to qualify as newly discovered evidence? I just want to make sure I understand your argument. That is the argument, Your Honor, because initially the letter in and of itself, the initial statements could not have been admitted, as the court is suggesting, without this finding having been made. The substance changed only in regards to that prong of the 804 analysis. And if Mr. Caballero had had the letter before trial, he would have been able to make a much stronger proffer for admissibility than what he had then, because what he had then basically allowed the district court to say, you know what, he's claiming duress, I'm concerned about this, aside from some other issues, I'm inclined to not allow this evidence. And ultimately the evidence didn't come in. So if we disagree with you that the evidence was not newly discovered, is that it? Do you then lose? Or is there another argument that you could make? Well, in our brief, our second argument is that the letter should be admitted just as third-party culpability evidence, aside from the 804B analysis. But before your motion to reopen, before your Rule 33 argument, if we say it's not newly discovered, is that it? That would be it in terms of the Rule 33 analysis. In terms of the general due process argument, I think the issue here is the government suggests that the letter would not have been admissible at trial, and clearly Mr. Caballero believes the letter would have been admissible at trial. And the court only needs to look at the facts of the case. And this was a very close case. There were only basically three witnesses. The witnesses basically said nothing other than this man drove up to the border, he appeared to be fidgety, he handed me his papers, and then we found drugs in the car. That was basically the evidence. Clearly, and then the jury deliberated for much longer than the trial itself went. The court had to give an Allen charge. The court told the jury, I'm going to dismiss you at 3 p.m. If you haven't reached a verdict, 3 p.m. came. The jury hadn't reached a verdict. They asked for more time. And then finally they did reach a verdict, which means this was a very close case. And much of the evidence that the government points to, such as photographs and alleged statements by Mr. Caballero, none of that ended up becoming a part of the case. The government argues that the letter was not supported, among other things, was not supported by corroborating circumstances that clearly indicated its trustworthiness. And they note that it's not sworn and it's not certified or under oath, that it was implausible. That's their argument. If the court looks at it, the letter was consistent with evidence presented to the district court before trial, meaning the defense proffered evidence that somebody could have put these packages in the car in a very short amount of time. Furthermore, the letter was consistent with statements made by Mr. Caballero that he had left his car, statements made upon his arrest that he had left his car with an attendant at a dentist. But didn't he say that someone approached him and asked him to carry things? That wasn't indicated in the letter. That was a separate conversation not involving this particular incident. Somebody else asked him to carry drugs and then subsequently some other person put drugs in his car? He didn't say that the first person asked him to carry drugs. He said that somebody approached him with an offer at a different point in time, aside from the day in the dentist. He said that somebody in a place in Mexicali approached him and told him, we're offering for you to cross drugs, you'll do it one way or the other. That was a different incident from the conversation at the dentist, which happened later. Do you want to save your remaining seconds? I'll save my remaining time, thank you. Clear from the government. May it please the Court, Daniel Zip on behalf of the United States. Your Honor, the letter from Mr. Diaz-Flores did not constitute newly discovered evidence. Mr. Caballero was fully aware of the substance of that letter prior to his trial. He obtained a writ for Mr. Diaz-Flores to be present at trial and testify, and Mr. Diaz-Flores exercised his Fifth Amendment rights and declined to testify. The fact that he then, after conviction, put some of what he was going to testify to in written form, constitutes only newly available evidence, not newly discovered evidence, which this Court has held as a matter of law, does not provide a basis for a Rule 33 motion for new trial. So what would it take for it to be newly discovered? Would it have to have been an entirely new witness? In other words, if you have a witness who just didn't appear before, or would it be enough that there's a new aspect to the story that comes up afterwards? That could be the case. If there was someone that the defense counsel was diligent and simply was not aware of and someone came and said, it was me, I was responsible for it, that could constitute newly discovered evidence. But when the defense counsel is fully aware of the substance of what's in this letter prior to trial and doesn't even attempt to introduce it at trial, the fact that it comes back in a different form that might make it available for it, have a different strategy of getting it into evidence, that's a trial strategy, not newly discovered evidence that would require an entirely new trial. So on that basis alone, the district court was within its discretion in denying the Rule 33 motion, and this court doesn't even really need to move on to the other factors. It's our position as well that the defendant has also failed to show that the letter would have probably resulted in his acquittal. First of all, Mr. Diaz-Flores indicated at the motion for a new trial that he was not willing to testify even at a second trial. So the only way that this letter would have any effect on the second trial would be if it was admitted under some sort of hearsay exception. And for the reasons we've outlined, it was not supported by corroborating circumstances and did not have a clear enough, truly inculpatory statement that the court would have – the court was within its discretion in finding that it was not admissible. So even the letter wasn't inculpatory enough under that theory? Yes, because his statements about – He was shifting responsibility to somebody else essentially? Exactly. He said, I washed the car, I put some packages inside, and then immediately after that he said, I was forced to do so. Viewing the letter under all the circumstances, that statement with the immediate following duress claim was not sufficiently inculpatory, even if it was supported by corroborating circumstances, which it was not for all the reasons Your Honor outlined earlier. So for both of those grounds, the district court was well within its discretion in denying the Rule 33 motion. Happy to answer any other questions? No, apparently not. Thank you. Thank you. Thank you, Your Honor. Only briefly, I'll note that this Court's cases regarding this newly discovered evidence kind of case law regarding Diggs, Lockett, that authority, a lot of those cases the Court expressed concern that what was going on there where co-defendants were – and if the Court looks closely, a lot of these cases were co-defendants who later on, after they faced no criminal responsibility or no possible potential for punishment, later came on and said, I'll help you, I'll testify for you, and then presented affidavits in that regard. That was clearly not the issue here. Mr. Flores had not been charged with a drug crime, and he did face responsibility if he became involved in this case, which goes to the corroborating circumstances because he had no reason, and the government presented no reason below for Mr. Diaz-Flores to even get involved in this mess that he apparently had nothing to do with, according to the government. So I'll point to that in terms of those cases.
judges: O'scannlain, Ikuta, Kennelly